## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

TIMOTHY GRENINGER,                         )
                                           )
        Plaintiff,                         )
                                           )
        v.                                 )          No. 3:17-CV-05013-DGK-SSA
                                           )
NANCY A. BERRYHILL,                        )
Acting Commissioner of Social Security,    )
                                           )
        Defendant.                         )

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Timothy Greninger ("Greninger") petitions for review of an adverse decision by

Defendant, the Acting Commissioner of Social Security ("Commissioner"). Greninger applied

for Social Security disability insurance benefits under Title II of the Social Security Act ("the

Act"), 42 U.S.C. §§ 401–434, and for supplemental security income under Title XVI of the Act,

42 U.S.C. §§ 1381 *et seq*. The Administrative Law Judge ("ALJ") found that Greninger's

symptoms did not prevent him from performing jobs in the national economy.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's

opinion is supported by substantial evidence on the record as a whole. The Commissioner's

decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated

here only to the extent necessary.

Greninger filed his application on December 6, 2013, alleging a disability onset date of

December 1, 2012. The Commissioner denied the application at the initial claim level, and

Greninger appealed the denial to an ALJ. After a hearing, the ALJ denied Greninger's claim on

January 5, 2016, finding that he was not disabled under the Act. The Appeals Council denied Greninger's request for review on December 12, 2016. Greninger has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

**Discussion**

Greninger argues that the ALJ erred at step four by: 1) improperly evaluating his subjective complaints, and 2) improperly evaluating the opinion of his treating physician. After reviewing the record and the applicable law, the Court finds these arguments are without merit.

I.    **Substantial evidence supports the ALJ's evaluation of Greninger's subjective complaints.**

Greninger argues that the ALJ's credibility determination is unsupported by substantial evidence. It is well-settled that "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Igo v. Colvin*, 839 F.3d 724, 731 (8th Cir. 2016); *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) ("This court will not substitute its opinion for the ALJ's, who is in a better position to gauge credibility and resolve conflicts in the evidence.").

Here, the ALJ did not find fully credible Greninger's testimony concerning the intensity, persistence, and limiting effects of his symptoms. Greninger said that his depression affected his memory, ability to concentrate, and ability to focus. The ALJ recognized that Greninger had a history of treatment for depression, but cited medical evidence in the record indicating his functional limitations were not as drastic as Greninger claimed. R. at 31. For example, Greninger's treatment records indicate that he was responsive to prescription medication for his depression. R. at 31, 384-86; *see Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("Evidence of effective medication resulting in relief, for example, may diminish the credibility of a claimant's complaints."). By January 2013, Greninger told his treating physician, Dr. Jeffrey Wool, M.D., that his anxiety and depression were stable and that he was a "new man." R. at 31, 383. The ALJ noted that Dr. Wool's treatment records indicated that Greiniger's depression and anxiety remained mostly stable, and no adjustments were made to his

medications.  R. at 31, 368-70, 375, 381; *see Lawson v. Colvin*, 807 F.3d 962, 965 (8th Cir. 2015) (affirming ALJ's denial of benefits where doctor's treatments "indicate [claimant's] mental conditions improved with the proper medications" and noting that "[i]f an impairment can be controlled by treatment or medication, it cannot be considered disabling" (internal citation omitted)).  The ALJ appropriately relied on medical evidence in the record to support its finding that Greninger's symptoms were not as severe as alleged.

As further support for his finding, the ALJ found that Greninger's reported activities during the relevant time period detracted from his allegations that his symptoms were disabling. *See, e.g.*, *Toland v. Colvin*, 761 F.3d 931, 936 (8th Cir. 2014) (finding that claimant's daily activities were inconsistent with allegations of disabling impairments).  Greninger reported that he was able to 1) help care for his pre-school aged grandson for several hours during the day, 2) shop in stores and flea markets weekly, 3) tinker with mechanical items in his garage daily, 4) drive without accompaniment, 5)  mow a ten-acre lawn with a riding mower, 6) eat out at restaurants on weekends, 7) do laundry, trash, dishes, and sweep, 8) attend to his personal care needs, and 9) handle his finances.  R. at 28, 32-33, 249-53.  Substantial evidence supports the ALJ's evaluation of Greninger's daily activities in relation to his allegations of disabling symptoms. *See Toland*, 761 F.3d at 936.

Greninger argues that the ALJ erred by not discussing his good work history when assessing the credibility of his complaints.  An ALJ may find a claimant's complaints not fully credible despite a good work history. *See Bryant v. Colvin*, 861 F.3d 779, 782 (8th Cir. 2017). The ALJ was not required to discuss Greninger's work history. *See Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007) ("[T]he ALJ's decision need not include a discussion of how every *Polaski* factor relates to the claimant's credibility."); *see also Stanton v. Astrue*, 370 Fed. Appx.

231, 234 (2d Cir. 2010) ("No different conclusion is warranted by the ALJ's failure to reference specifically [the claimant's] good work history, because substantial evidence aside from work history supports the adverse credibility ruling."). Here, substantial evidence—in the form of both objective medical records and evidence of Greninger's daily activities—supports the ALJ's credibility evaluation.

## II.      Substantial evidence supports the ALJ's evaluation of Dr. Wool's opinions.

Greninger argues that the ALJ improperly discounted Dr. Wool's medical opinions. In weighing a medical opinion, the ALJ should consider the length, frequency, nature, and extent of the treatment relationship, supportability, consistency with the record as a whole, specialization of the treating source, and other factors supporting or contradicting the opinion. 20 C.F.R. § 404.1527(c). An ALJ must give controlling weight to a treating medical source opinion if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence. *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015). The opinion may be given "limited weight if it provides conclusory statements only, or is inconsistent with the record." *Id.* (citation omitted). The ALJ "may discount or even disregard the opinion . . . where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id.* (citation omitted). The mere fact that a physician is a treating physician is not good enough to overcome the better-supported opinion of a reviewing physician. *See Ponder v. Colvin*, 770 F.3d 1190, 1195 (8th Cir. 2014).

Dr. Wool submitted a Medical Source Statement—Physical, indicating that, due to diabetes, depression, anxiety, adult attention deficit disorder ("ADD") with symptoms of fatigue, trouble focusing, mood swings, decreased memory, and easy agitation, Greninger was both

unable to handle stress or changes in his routine without acting out, and incapable of low stress work. R. at 34, 392-94. Dr. Wool also indicated that Greninger suffered from poorly controlled adult onset diabetes, as well as various psychological issues stemming from his depression and ADD. R. at 34.

The ALJ gave only some weight to Dr. Wool's opinions on the work-related limitations attributable to Greninger's mental condition. R. at 32-34. The ALJ found that Dr. Wool's conclusions were unsupported by his own treatments notes. *See Reece v. Colvin*, 834 F.3d 904, 909-10 (8th Cir. 2016) (finding that the ALJ appropriately discounted a treating physician's opinion because it was "inconsistent with the objective medical evidence in the record as well as his own treatment notes"). For example, Greninger reported having a "good mood" and "mostly good" days. R. at 34, 369-70. Dr. Wool's notes found that use of medications provided significant improvement, and that Greninger's depression and anxiety symptoms were "stable," "doing ok," and "good." R. at 34, 368-70, 375, 381, 383, 386; *see Lawson*, 807 F.3d at 965. Furthermore, the ALJ found that Dr. Wool's suggested limitations for Greninger conflicted with Greninger's reported daily activities. R. at 34; *see Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount the opinion."); *Milam v. Colvin*, 794 F.3d 978, 984 (8th Cir. 2015) ("In this case, however, [claimant's] regular activities support the ALJ's discounting of Dr. Sprinkle's opinion given both the extent of [claimant's] daily activities and the independent medical evidence that she was not totally disabled.").

The ALJ also explained that the report of Chad Gerhart, Psy.D., the consultative psychologist, supports its evaluation of Dr. Wool's opinion. Dr. Gerhart noted that Greninger's mood appeared predominantly euthymic, his affective responses were reactive and congruent, his

interpersonal mannerisms were appropriate, and his thought content reflected no evidence of impairment.  R. at 32, 406-07.  Dr. Gerhart opined that Greninger was capable of performing moderately complex tasks throughout a full work-week, with moderately complex social interaction.  R. at 33, 408.  Dr. Gerhart's opinion contributes to the substantial evidence supporting the ALJ's evaluation of Dr. Wool's opinion.

Substantial evidence supports the ALJ's evaluation of Dr. Wool's opinion, and therefore the ALJ's finding is within the available zone of choice.  *See Buckner*, 646 F.3d at 556.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  March 22, 2018

/s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT